## WHITE v. RODEMANN.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

1. PLEADINGS—WAIVER OF DEFECTS.

Where a complaint is subject to a motion to make it more definite and certain and to a demurrer for the improper joinder of several causes of action, and defendant takes no such action, but answers, he waives the defects, and plaintiff is entitled to recover on any theory consistent with the facts stated in the complaint.

2. PARTNERSHIP—MEMORANDUM SIGNED IN EXPECTATION OF COMPLETE AGREEMENT.

Plaintiff purchased of defendant, for the sum of $2,000, a half interest in a school which defendant was then conducting. Plaintiff paid one-half of the amount at the time, and the parties signed a writing, which plaintiff claimed was executed in contemplation of another agreement to be thereafter made. The writing did not express the time for the continuation of the partnership, and, though the amount of rent to be paid for the school buildings and furniture, which were owned by defendant, was stated, no time was prescribed during which the partnership was to have their use. It was signed in haste, prior to defendant's departure for Europe in the summer, while the school year did not commence until the autumn. *Held*, that a finding that the parties executed the writing with the contemplation that it should be followed by a complete agreement was correct.

3. SAME—RECOVERY FOR SERVICES.

On defendant's refusal to execute the agreement, plaintiff is entitled to recover only the amount paid, and not for services rendered by him in the school in the expectation of the complete agreement.

4. ACTION—NATURE OF—HOW DETERMINED.

An order of the court directing that the pleadings be amended so as to authorize and provide for a partnership accounting between the parties is not conclusive of the character of the action, but the nature of the action is determined by the pleadings so amended.

Appeal from judgment on report of referee.

Action by Thaddeus R. White against George Rodemann. From a judgment for plaintiff, entered on the report of a referee, defendant appeals. Modified and affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Stephen G. Thomas, for appellant.
Benjamin Estes, for respondent.

PER CURIAM. The amended complaint alleged that the defendant made certain false representations to the plaintiff to induce the latter to purchase, for the sum of $2,000, a half interest in a school which he was then conducting; that, relying on those representations, the plaintiff paid the defendant the sum of $1,000, and the parties signed a memorandum or partial agreement at the time, to be followed by the execution of a complete instrument. It is further alleged that the defendant refused to execute another agreement, and after a few weeks excluded the plaintiff from the school; that the plaintiff expended certain moneys in advertising and rendered services in the school on the faith of the anticipated partnership, the amount of which expenditures and the value of the services are stated. Judgment was demanded that an account be had between the parties, and that the plaintiff "recover such sum and amount as he may be entitled to in consideration of the premises." The action being brought on for trial at special term, it was referred to a referee to hear and determine. The referee exonerated the defendant from the charge of fraud, but found that he had committed a breach of his agreement, and allowed the plaintiff the money paid by him, together with the value of his services, and his expenditures. From the judgment entered on the report of the referee this appeal is taken.

It must be conceded that there is no small difficulty in determining exactly the nature of the plaintiff's action so as to give it a name. There seems enough in the complaint to warrant a recovery of damages, both for the fraud by which the plaintiff was induced to enter into the contract and for the breach of the contract. There is also enough stated to warrant a rescission of the contract, and a recovery of the money paid by the plaintiff on both grounds,— the fraud and the breach. It is very probable that the complaint was subject to a motion to make it more definite and certain, and to a demurrer for the improper joinder of several causes of action. The defendant took no such action, but answered. By this course he waived the defects in the plaintiff's pleading, and the plaintiff was entitled to recover on any theory consistent with the facts stated in his complaint. The referee found that the writing signed by the parties did not express the agreement between them, but was executed in contemplation of another agreement, to be thereafter made. We think that this finding is correct. No time for the continuation of the partnership is expressed. The school buildings and furniture were the property of the defendant. Though the amount of rent to be paid for them is stated, no time is prescribed during which the partnership was to have their use. It is unreasonable to suppose that the plaintiff was to pay $2,000 for an interest which might be terminated at any time. The agreement or memorandum was signed in haste, on the night prior to the defendant's departure for Europe in the summer of 1897, while the school year would not commence until the autumn. It is very doubtful whether, at the date of the preliminary agreement, the parties had agreed definitely on the terms of the partnership, except as to the amount that the plaintiff was to pay. The payment was probably

made in the expectation that the details and term of the partnership would thereafter be agreed upon. When the defendant notified the patrons of the school to pay him alone, and practically excluded the plaintiff from any control or management of the school, this action operated as a breach of the contract previously made, whether that be considered as merely tentative and preliminary, or as an executed agreement. Thereupon the consideration on which the plaintiff had paid his money failed, and he was entitled to its return. But on his theory that the agreement was incomplete we think that he is not entitled to recover for services rendered by him in the expectation of a new agreement.

There was an earlier set of pleadings in this action than the one now before us. What the pleadings were does not appear. It does appear, however, that on those pleadings the action was brought to trial before a jury, when the court held that the case was a proper one for a partnership accounting between the parties, and not an action at law. An order was then entered which directed that "the pleadings be amended so as to authorize and provide for a partnership accounting between the parties upon payment to defendant by plaintiff $10 costs and disbursements, and that the action be continued, and tried in special term or by referee." The appellant insists that this order is conclusive on the character of the action. We think not. The nature of the action is to be determined by the pleadings. If the amended complaint was not in accordance with the leave granted by the court, the defendant should have returned it, or moved to set it aside. Though, as already said, it may be difficult to determine what is the cause of action sought to be stated in the complaint, one thing is reasonably certain,—it is not an action for the dissolution of a partnership, or for a partnership accounting.

The judgment should be modified by deducting from the recovery the sum of $120 allowed the plaintiff for his services and expenditures, and, as modified, affirmed, without costs to either party.